IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| THOMAS MOOTY | : | No. 12-616-01 |

# MEMORANDUM

PRATTER, J. DECEMBER 8, 2020

Thomas Mooty, currently serving a 240-month sentence, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. No. 740.) The Government opposes. (Doc. No. 744.) Mr. Mooty also seeks the appointment of counsel.[1] (Doc. No. 746.)

In November 2013, Mr. Mooty was charged in a second superseding indictment with conspiracy to distribute five kilograms or more of cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 1), and other related drug and firearms offenses.

In April 2015, Mr. Mooty pled guilty to one count of conspiracy to distribute (Count 1); one count of attempted possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 2); and one count of aiding and abetting the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and (g)(2) (Count 4). (Doc. No. 516.) The parties agreed that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the appropriate term of imprisonment was 240 months. PSR ¶ 8.

In July 2015, the Court sentenced Mr. Mooty to a total of 240 months' imprisonment, composed of 240 months on each of the conspiracy to distribute count (Count 1) and attempted

---

1 While Mr. Mooty does not specify under what basis he seeks the appointment of counsel, the Court assumes he is seeking the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

possession of five kilograms or more of cocaine count (Count 2), and 60 months for the possession of a firearm (Count 4), with all sentences to run concurrently. (Doc. No. 594.) In June 2020, Mr. Mooty, acting *pro se*, filed his § 2255 motion to vacate (Doc. No. 740) and three months later moved for the appointment of counsel. (Doc. No. 746.)

For the reasons discussed below, the Court will deny both Mr. Mooty's motion to vacate his sentence and his motion for the appointment of counsel.

## LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that the sentence violated the Constitution or laws of the United States, or that the court which imposed the sentence lacked jurisdiction. 28 U.S.C. § 2255(a). "The court is to construe a prisoner's *pro se* pleading liberally." *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015) (citation omitted). While indigent civil litigants have no constitutional or statutory right to appointed counsel, a district court has the authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

## I. ANALYSIS

Mr. Mooty's § 2255 motion to vacate is grounded solely on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. No. 740.) Regarding his motion for appointment of counsel, Mr. Mooty states that the COVID-19 pandemic has limited his access to the prison law library, and he requests an attorney to assist him in filing. (Doc. No. 746.) The Court will analyze each in turn.

### A. Motion to Vacate under § 2255

Mr. Mooty seeks to vacate, set aside, or correct his sentence based on the Supreme Court decision in *Rehaif* and states in his motion that "the government must prove that [he] knew he

belonged to the relevant class of persons barred from possessing firearms." (Doc. No. 740.) Such a claim must be filed within one year of the new Supreme Court decision. *See* U.S.C. § 2255(f)(3). Mr. Mooty has thus timely filed his § 2255 motion.

A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif* the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

In his motion, Mr. Mooty states that under *Rehaif* his "knowledge of [his] status is an element of the offense" for possession of a firearm under § 922(g). (Doc. No. 740.) But ignorance of the law does excuse a violation of the law. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

Even considering *Rehaif*'s requirement that the Government prove that a defendant knew his status as a felon made the possession of a firearm illegal under § 922(g)(1), Mr. Mooty is still not entitled to relief. Construing his pleading liberally, the Court assumes that the relief Mr. Mooty seeks is based on the notion that he was somehow unaware that he was a felon and thus unaware that his possession of a firearm violated § 922(g)(1). However, because Mr. Mooty failed to previously raise this claim at trial or on direct appeal, and arguably has not even raised it here,[2] he has procedurally defaulted this claim and may only raise it here if he can "first demonstrate either

---

[2] Mr. Mooty does not state, argue, or otherwise suggest, in either of his motions, that he was unaware of his status as a felon aside from his mention that "knowledge of [] status" is now an element of the offense that must be proven by the Government. (Doc. No. 740.) However, even if he had, this argument would fail.

'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

Mr. Mooty cannot demonstrate cause. While *Rehaif's* prevailing argument as to knowledge of status had been denied in earlier appellate decisions, a claim of "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" unless the claim was so novel that its legal basis was not "reasonably available to counsel." *Id.* at 622-23 (citations omitted). Mr. Mooty's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years, some of which are noted by the Eleventh Circuit Court of Appeals in its *Rehaif* opinion, which was later reversed by the Supreme Court. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (collecting cases). Thus, Mr. Mooty cannot show cause. Additionally, even if Mr. Mooty raised a claim for ineffective assistance of counsel, such a claim would not have demonstrated cause. As the Third Circuit Court of Appeals has noted, an attorney's performance is not deficient, and thus does not excuse a procedural default, where they have "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

Absent cause, the only way for Mr. Mooty to avoid procedural default and have his § 2255 claim considered on the merits is to make a threshold showing of "actual innocence." *Bousley*, 523 U.S. at 622. Actual innocence requires a defendant to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citation omitted). While *Rehaif* requires the Government to prove that a defendant knew of his felon status, it does not require proof that a defendant knew his possession of a firearm was illegal. *See United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020)

("*Rehaif*'s discussion of 'the well-known maxim that "ignorance of the law" (or a "mistake of law") is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself.").

Here, the question as to actual innocence is whether Mr. Mooty knew at the time he possessed the firearm that he had previously been convicted of a felony. Mr. Mooty must show that it is more likely than not, after considering all available evidence, that no reasonable juror would have found that he knew of his status as a felon. However, the available evidence plainly prevents Mr. Mooty from making such a showing. As stated in the Presentence Report, Mr. Mooty had two prior felony convictions. In 2005 he pled guilty to carrying a firearm without a license and was originally sentenced to three years of probation but was later sentenced to 6 to 23 months for violating probation by again carrying a firearm without a license. PSR ¶ 74. Mr. Mooty pled guilty to the second offense in August 2010 and was sentenced to 6 to 23 months. He was granted early parole in January 2011 but violated parole in October 2012; he was then sentenced to serve back time and was immediately paroled. PSR ¶ 75. Thus, Mr. Mooty was certainly likely aware that he was previously convicted of a crime punishable by more than one year in prison because the undisputed record establishes that Mr. Mooty was sentenced to more than one year in prison on multiple occasions. Mr. Mooty fails to show, in light of his multiple felony convictions, that no reasonable juror would have found that he was aware of his status as a felon. *See United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) (noting that a defendant's prior ten year imprisonment, with execution suspended after three years, "remove[d] any doubt that [he] was aware of his membership in § 922(g)(1)'s class").

For the reasons discussed above, Mr. Mooty's § 2255 motion to vacate his sentence based upon the Supreme Court's decision in *Rehaif* is denied.

**B. Motion for Appointment of Counsel under § 1915(e)(1)**

Three months after filing his motion to vacate under § 2255, Mr. Mooty moved for the appointment of counsel. (Doc. No. 746.) Under 28 U.S.C. § 1915(e)(1), a district court may request appointed counsel for indigent civil litigants. "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). If a claimant overcomes this threshold hurdle, then a court must consider several factors identified by the Third Circuit. *Id.* at 499 (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir.1993)).

However, finding that Mr. Mooty's § 2255 motion is without merit, the Court will not analyze each *Tabron* factor. Mr. Mooty bases his motion for appointment of counsel on the current COVID-19 pandemic. While the Court certainly does not minimize the critical health risk posed by COVID-19, it does not warrant the appointment of counsel in light of all the factors the Court is to weigh. *Tabron*, 6 F.3d at 155-57.

## II. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Mooty's motion to vacate his sentence and his motion for the appointment of counsel. An appropriate order follows.[3]

**BY THE COURT:**

**GENE E.K. PRATTER**
**United States District Judge**

[3] When issuing a final order denying a § 2255 motion, the court must determine whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2). Because the Court finds that Mr. Mooty has not demonstrated a substantial denial of a constitutional right, a certificate will not issue.